IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action |
| Plaintiff | ) | No. 09-cv-2065 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROY MENTZER; | ) | |
| ROY MENTZER, Administrator of the Estate of Laverne Mentzer; | ) | |
| ROY MENTZER, Trustee of Groff Run Valley Trust; | ) | |
| and | ) | |
| JOHN MICHAEL CRIM, Trustee of Allied Enterprises | ) | |
| | ) | |
| Defendants | ) | |

*   *   *

APPEARANCES

WILLIAM BRADLEY RUSSEL, ESQUIRE
on behalf of Plaintff

JOHN MICHAEL CRIM, TRUSTEE OF ALLIED ENTERPRISES
pro se

*   *   *

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

This matter is before the court on the Motion to Vacate Default Judgment, filed pro se by defendant John Michael Crim, Trustee of Allied Enterprises on August 26, 2011.[1] The United

[1] The title of defendant Crim's motion suggests that he is seeking to vacate a default judgment. However, no default judgment was filed in this matter. Rather, on June 1, 2011, at my direction, a Default Notice was filed by my Civil Deputy Clerk. On June 9, 2011, plaintiff entered a Notice of Default pursuant to Federal Rule of Civil Procedure 55.

(Footnote 1 continued:)

States Response to Crim's Motion to Set Aside Default was filed on September 12, 2011. For the reasons stated below, I deny defendant Crim's Motion to Vacate Default.

I deny the Motion to Vacate Default for several reasons. First, because defendant Crim seeks to assert the interest of Allied Enterprises as its Trustee,[2] he must do so through counsel and cannot do so pro se.

Next, even if Mr. Crim were permitted to represent the interests of Allied Enterprises pro se, a liberal reading of his Motion to Vacate Default and his response to plaintiffs Amended Complaint reveals that he failed to demonstrate a meritorious defense and, therefore, failed to satisfy the threshold requirement for vacating a default.

Finally, defendant Crim failed to submit a memorandum of law in support of his Motion to Vacate Default.

---

(Continuation of footnote 1:)

Accordingly, a default for failure to appear, plead, or otherwise respond was entered by the Clerk of Court on June 10, 2011. Because default, rather than default judgment, was entered, I will treat Mr. Crim's motion as a motion to vacate default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and will refer to Mr. Crim's motion as the "Motion to Vacate Default" in this Opinion.

[2] Allied Enterprises was established by a Contract and Declaration of a Pure Trust dated March 24, 1994. (Amended Complaint, Government Exhibit 9, cover page.) The Contract and Declaration was filed with the Recorder of Maricopa County, New Mexico on April 27, 1994. (Id.) The Contract and Declaration required that the trust Creator, Michael L. Dolan, immediately appoint a First Trustee of Allied Enterprises. (Government Exhibit 9 at page 1.) By the Acknowledgment of Appointments dated March 24, 2011, Michael L. Dolan appointed John Michael Crim as First Trustee of Allied Enterprises. (Government Exhibit 9 at page 9.)

BACKGROUND

This is a civil action initiated by plaintiff United States of America pursuant to 26 U.S.C. §§ 7402-7403 in which the United States is seeking to reduce defendant Roy Mentzer's federal tax assessments to a monetary judgment and to satisfy that judgment by foreclosing upon two properties located in New Holland Borough, Lancaster County, Pennsylvania.

Defendant John Michael Crim, Trustee of Allied Enterprises, is named as a defendant because Allied Enterprises may assert an interest in the properties upon which the United States seeks to foreclose. Allied Enterprises' -- and thus Mr. Crim's -- interest is predicated on two mortgages granted to Allied Enterprises by the Groff Run Valley Trust, which is the alter ego of Roy Mentzer.[3] The United States alleges that the mortgages granted by Groff Run Valley Trust to Allied Enterprises are shams and, therefore, null and void.

COMPLAINT

On May 8, 2009, plaintiff filed a Complaint for Federal Taxes ("Complaint") against defendants Roy Mentzer; Laverne Mentzer; Roy Mentzer, Trustee for Groff Run Valley Trust; and Allied Enterprises. The first count of plaintiffs Complaint sought to reduce tax assessments to a judgment against defendant

---

[3] Order of the undersigned dated August 23, 2011 and filed August 24, 2011 (Document 57).

Roy Mentzer.[4] The second and third counts sought to satisfy the monetary judgment against defendant Roy Mentzer by foreclosing on two pieces of real property: 245 Mentzer Road, New Holland, Pennsylvania; and 918 New Holland Road, New Holland, Pennsylvania (together, the "subject properties").

AMENDED COMPLAINT

On February 16, 2011, the United States filed its Amended Complaint for Federal Taxes ("Amended Complaint"). The Amended Complaint was filed against Roy Mentzer; Roy Mentzer, Administrator of the Estate of Laverne Mentzer; Roy Mentzer, Trustee of Groff Valley Run Trust; and John Michael Crim, Trustee of Allied Enterprises.[5]

Mr. Crim, who is presently incarcerated at the federal correctional institution in Taft, California, is named as a defendant in his capacity as Trustee of Allied Enterprises. Mr. Crim was named as a party pursuant to 26 U.S.C. § 7403(b) because Allied Enterprises may assert an interest in the subject properties.[6]

Count I of plaintiffs Amended Complaint seeks to reduce Roy Mentzer's federal tax assessments to judgment against

[4] See Complaint at pages 3-5.

[5] Amended Complaint at ¶¶ 6-10.

[6] Amended Complaint at ¶¶ 10-11, 22-33, and 41-46. Section 7403(b) requires that "[a]ll persons having liens upon or claiming any interest in the property involved in [a civil action to enforce a federal tax lien] shall be made parties thereto." 26 U.S.C. § 7403(b).

Roy Mentzer in the amount of $159,438.88, plus statutory additions and interests.[7]

Counts II and III seek to foreclose on Roy Mentzer's federal tax liens against 245 Mentzer Road (Count II), and 918 New Holland Road (Count III).

Counts II and III also seek an order from the court declaring the mortgages recorded against the subject properties by Allied Enterprises to be shams and, therefore, null and void. Plaintiff also seeks an order declaring that Allied Enterprises has no interest in the subject properties.[8]

Plaintiff alleges that Allied Enterprises is a trust, of which Mr. Crim is a trustee, formed at the insistence of Roy Mentzer as a means of protecting Mr. Mentzer's property from his creditors, including the United States. Plaintiff avers that the corpus of Allied Properties consists entirely of a three-seat brown leather sofa, and a two-by-six-foot coffee table with a smoked-glass top.[9]

Plaintiff further avers that on May 22, 2000, the Groff Run Valley Trust granted two sham mortgages to Allied Enterprises: one on 245 Mentzer Road, and the other on 918 New Holland

---

[7] Amended Complaint at ¶ 17.A.

[8] Amended Complaint at ¶¶ 35(E)-(F), and 49(L)-(M).

[9] Amended Complaint at ¶¶ 27-30.

Road.[10] Plaintiff contends that Allied Enterprises has no interest in either property.[11] Rather, plaintiff alleges, the mortgages granted to Allied Enterprises were designed to hinder, delay, and prevent the collection of Roy Mentzers federal tax liabilities.[12]

PROCEDURAL HISTORY

Plaintiff United States of America filed its Amended Complaint for Federal Taxes on February 16, 2011.[13]

On April 8, 2011, answers to the Amended Complaint were filed by Roy Mentzer; Roy Mentzer, Administrator of the Estate of Laverne Mentzer; and Roy Mentzer, Trustee of Groff Run Valley Trust.[14]

A Summons on the Amended Complaint was issued as to defendant Crim on March 9, 2011. Mr. Crim was personally served

---

[10] Amended Complaint at ¶¶ 22-26, and 41-46. Specifically, plaintiff alleges that Allied Enterprises never lent any money to Roy Mentzer, Laverne Mentzer, or the Groff Run Valley Trust. Id. at ¶ 24. Moreover, plaintiff alleges that "defendants Roy Mentzer and Laverne Mentzer (and her estate) have been the true and equitable owners" of the subject properties from 1991 until the present. Id. at ¶¶ 31, and 45.

[11] Amended Complaint at ¶¶ 26, and 44.

[12] Amended Complaint at ¶¶ 23, and 42.

[13] The Amended Complaint was deemed properly filed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure by my Order dated March 9, 2011 (Document 33).

[14] Answer of Roy Mentzer with Affirmative Defenses to Amended Complaint (Document 35); Answer of Roy Mentzer as Administrator of Estate of Laverne Mentzer to Amended Complaint with Affirmative Defenses (Document 36); Answer of Groff Run Valley Trust with Affirmative Defenses to Amended Complaint (Document 37).

with the Summons on the Amended Complaint on April 21, 2011 in the federal correctional institution in Taft, California.[15]

On June 1, 2011, at my direction, my Civil Deputy Clerk filed a Default Notice as to defendant Crim.[16] On June 9, 2011, plaintiff filed a Notice of Default against defendant Crim pursuant to Rule 55 of the Federal Rules of Civil Procedure.[17] Default for failure to appear, plead or otherwise defend was entered against defendant Crim by the Clerk of Court on June 10, 2011.

On August 26, 2011, Mr. Crim filed his Motion to Vacate Default. The same day, Mr. Crim filed Defendant Allied Enterprises Response to Amended Complaint for Federal Taxes. On September 12, 2011, plaintiff filed the United States' Response to Crim's Motion to Set Aside Default. Hence this Opinion.

## STANDARD OF REVIEW

Rule 55(c) provides that the court may set aside an entry of default for good cause shown. District courts are to consider four factors when determining whether a default should

---

[15] Proof of Service (Document 43). Mr. Crim is presently serving two concurrent, ninety-six-month terms of imprisonment after he was found guilty of one count of Conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and one count of Corrupt endeavor to interfere with administration of Internal Revenue laws in violation of 26 U.S.C. § 7212(a). United States Distict Judge Anita B. Brody, of this court, imposed that sentence upon Mr. Crim on June 27, 2008. (Judgment in a Criminal Case, imposed June 27, 2008 and filed July 7, 2008 in United States of America v. John Michael Crim, Case No. 2006-cr-00658-01 (Document 638)).

[16] Default Notice (Document 45).

[17] Notice of Default (Document 46).

be stricken or set aside: (1) whether lifting the default will prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Allstate Insurance Co. v. Hopfer, 2009 WL 1362612, at *2 (E.D.Pa. May 14, 2009)(Stengel, J.) (quoting EMCASCO Insurance Company v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

The United States Court of Appeals for the Third Circuit has held that the meritorious-defense factor is the threshold issue in opening a default. To assess this factor, the court may examine the defendants answer, or if none was filed, the allegations in its motion to...set aside entry of default. Scully v. OneBeacon Insurance Company, 2004 WL 414041, at *2 (E.D.Pa. March 3, 2004) (Padova, J.)(citing Kauffman v. Cal Spas, 37 F.Supp.2d 402, 405 n.1 (E.D.Pa. 1999)).

To satisfy this factor, the defaulting party must allege facts, which, if established, would enable it to prevail in the action. Scully, supra. Thus, demonstrating the existence of a meritorious defense requires a defendant to set forth with some specificity the grounds for its defense.

However, the legal issue should not be decided at this early stage of review. Nationwide Mutual Insurance Company v. Starlight Ballroom Dance Club, Inc., 175 Fed.Appx. 519, 522

(3d Cir. 2006). A defaulting party is not required to prove beyond a shadow of a doubt that he will win at trial, but merely to show that he has a defense to the action which at least has merit on its face. Jackson v. Delaware County, 211 F.R.D. 282, 284 (E.D.Pa. 2002)(Baylson, J.)(quoting EMCASCO, 834 F.2d at 74).

Culpable conduct for this purpose is dilatory behavior that is willful or in bad faith. Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 148 (E.D.Pa. 2001)(Kelly, J.). To establish culpable conduct, more than mere negligence must be shown. Jackson, 211 F.R.D. at 284 (quoting Hritz v. Woma Corporation, 732 F.2d 1178, 1183 (3d Cir.1984)).

Finally, it must be noted that the Third Circuit has a long-standing preference that cases be disposed of on the merits whenever practicable. Miles v. Aramark Correctional Service, Inc., 321 Fed.Appx. 188, 191 (3d Cir. 2009) (quoting Hritz, 732 F.2d at 1180-81). All doubts regarding default are resolved in favor of the defaulting party. Dizzley, 202 F.R.D. at 147.

## DISCUSSION

### Lack of Counsel

Plaintiff argues that Mr. Crim's Motion to Vacate Default is a nullity because the interests of Allied Enterprises, a trust, cannot be defended except through counsel.[18]

In Marin v. Leslie, the United States Court of Appeals for the Third Circuit ruled that pro se appellant Melvin Marin lacked standing to proceed individually as a trust beneficiary, but found that Mr. Marin did have standing to proceed as a trustee. Marin, 337 Fed.Appx. at 219-220. However, the Third Circuit stated that in order to pursue claims on behalf of the trust as its representative, Mr. Marin could not proceed pro se, but would have to retain counsel. Id. at 220.

In Knoefler v. United Bank of Bismarck, a decision cited with approval by the Third Circuit in Marin, the United States Court of Appeals for the Eight Circuit stated that a non-lawyer, such as a trustee pro se, has no right to represent another entity, that is, a trust, in a court of the United States. 20 F.3d 347, 348 (8th Cir. 1994).

Here, John Michael Crim, as Trustee of Allied Enterprises, is named as a party pursuant to 26 U.S.C. § 7403(b) because Allied Enterprises may assert an interest in the

---

[18] United States' Response to Crim's Motion to Set Aside Default at page 3 (citing Marin v. Leslie, 337 Fed.Appx. 217, 219-220 (3d Cir. 2009); Rowland v. California Men's Colony, 506 U.S. 194, 201-202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)).

properties which are the subject to plaintiffs foreclosure action.[19]

Section 7403 provides for a cause of action to enforce a lien or to subject a property to the payment of taxes and states in part:

> **(a) Filing. --** In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability....
>
> **(b) Parties. --** *All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto*....
>
> **(c) Adjudication and decree. --** The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property....

26 U.S.C. § 7403(a)-(c)(emphasis added).

Mr. Crim's participation in this action, as Trustee of Allied Enterprises, is premised on the possibility that Mr. Crim, on behalf of Allied Enterprises, may assert an interest in the subject properties based on the allegedly sham mortgages held by Allied Enterprises on the subject properties. Mr. Crim may not represent the purported interests of Allied Enterprises in this

---

[19] Amended Complaint at ¶¶ 3, and 10.

matter, including through a Motion to Vacate Default, except through counsel. See Marin, supra; Knoefler, supra. For this reason, Mr. Crim's Motion to vacate default is denied.

Lack of Meritorious Defense

Despite construing both Mr. Crim's Motion to Vacate Default and his response to plaintiff's Amended Complaint liberally, as I am required to do with pro se litigants, see Rainey v. Varner, 603 F.3d 189, 200 (3d Cir. 2010), I conclude that Mr. Crim fails to show a meritorious defense and, therefore, fails to satisfy the threshold requirement for vacating a default. Consequently, his Motion to Vacate Default cannot succeed.

John Michael Crim, Trustee of Allied Enterprises, is named as a party pursuant to 26 U.S.C. § 7403(b) because Allied Enterprises may claim an interest in the real property that is the subject of this civil action.[20] Section 7403(b) requires that "[a]ll persons having liens upon or claiming any interest in the property involved in [a civil action to enforce a federal tax lien] shall be made parties thereto." 26 U.S.C. § 7403(b).

In this action, plaintiff seeks to foreclose federal tax liens upon the subject properties.[21]

---

[20] Amended Complaint at ¶ 10.

[21] Amended Complaint at pages 5, and 10.

Mr. Crim's potential interest, as Trustee of Allied Enterprises, in the subject properties is predicated upon two mortgages granted by the Groff Run Valley Trust to Allied Enterprises.[22] Groff Valley Run Trust is the alter ego of defendant Roy Mentzer.[23]

Plaintiff contends that the mortgages are shams "designed to hinder, delay, and prevent the collection of defendant Roy Mentzer's Federal tax liabilities",[24] and seeks a decree that the two mortgages granted to Allied Enterprises mortgages are shams and, therefore, null and void.[25] Plaintiff further contends that Allied Enterprises has neither a valid mortgage on, nor any interest whatsoever in, the subject properties.[26] Roy Mentzer, in all of his capacities in this action, admitted both contentions in answering plaintiffs Amended Complaint.[27]

---

[22] Amended Complaint at ¶¶ 22, and 41.

[23] Order of the undersigned dated August 23, 2011 and filed August 24, 2011 (Document 57).

[24] Amended Complaint at ¶¶ 23, and 42.

[25] Amended Complaint at ¶¶ 35(E)-(F), and 49(L)-(M).

[26] Amended Complaint at ¶¶ 25-26, and 43-44.

[27] Answer of Roy Mentzer with Affirmative Defenses to Amended Complaint at ¶¶ 25-26, and 43-44; Answer of Roy Mentzer as Administrator of Estate of Laverne Mentzer to Amended Complaint with Affirmative Defenses at ¶¶ 25-26, and 43-44; Answer of Groff Run Valley Trust with Affirmative Defenses to Amended Complaint at ¶¶ 25-26, and 43-44.

Upon review of the Motion to Vacate Default filed by Mr. Crim, as well as his response to the Amended Complaint, I find that neither document demonstrates that Allied Enterprises or Mr. Crim, as Trustee of Allied Enterprises, has a valid property interest in either of the properties which are the target of this federal tax lien foreclosure action.

Mr. Crim does not specifically deny the contention of the United States that "Allied Enterprises does not have a valid mortgage lien against...[and] has no interest in the real property commonly known as 245 Mentzer Road, New Holland, Pennsylvania".[28]

Moreover, to the extent that Mr. Crim responds to plaintiffs contention that Allied Enterprises does not have any valid interest in 918 New Holland Road, Mr. Crim simply states that those paragraphs are denied.[29] Mr. Crim fails to make any factual assertions regarding the validity of mortgages held by Allied Enterprises, nor does he seek to explain why the mortgages are valid.

I also note that Mr. Crim addressed the mortgages earlier in this litigation. On January 10, 2011, prior to filing the operative Amended Complaint, plaintiff filed a Motion

---

[28] See Motion to Vacate Default at pages 1-3; Defendant Allied Enterprises' Response to Amended Complaint for Federal Taxes at pages 1-2.

[29] See Defendant Allied Enterprises' Response to Amended Complaint for Federal Taxes at ¶ 8 (denying ¶¶ 23, and 42-45 of the Amended Complaint.)

for Default Judgment against Allied Enterprises, which was a named defendant in plaintiffs Complaint.[30]

In response to plaintiff's Motion for Default Judgment against Allied Enterprises, which sought a declaration that the two mortgages recorded by Allied Enterprises against the subject properties were shams and, therefore, null and void, Mr. Crim asserted that "Defendant, Allied Enterprises, through its Trustee, John Michael Crim, does not make any claim to any alleged mortgage [and] only objects to the claim that Allied Enterprises is a sham."[31] Rather than assert the validity of the mortgages granted to Allied Enterprises by Groff Run Valley Trust, Mr. Crim merely argued that Allied Enterprises, the trust itself, was not a sham.

Neither Mr. Crim's Motion to Vacate Default nor his response to the Amended Complaint "allege facts, which, if established, would enable it to prevail in the action" as

---

[30] See Motion for Default Judgment, filed by plaintiff on January 10, 2011 (Document 29). Plaintiff's motion for default judgment sought a declaration that the two mortgages granted by the Groff Run Valley Trust to Allied Enterprises were shams, and null and void. (Id. at page 1.)

On February 18, 2011, two days after its Amended Complaint was filed, plaintiff filed its Motion to Set Aside Default and Notice of Withdrawal of Motion for Default Judgment (Document 32). Accordingly, the Clerk of Court terminated plaintiff's Motion for Default Judgement against Allied Enterprises on February 18, 2011. By Order dated March 8, 2011 and filed March 9, 2011 (Document 33), I granted plaintiff's motion to set aside default and set aside the default which had been entered against Allied Enterprises.

[31] Objection to Plaintiff's Motion for Default Judgment at page 2.

required to demonstrate a meritorious defense and succeed in vacating default. Scully, supra.

While the Third Circuit has a long-standing preference for resolving cases on the merits rather than by procedural default, a defendant seeking to vacate default must, at a minimum, "show that they have a defense to the action which at least has merit on its face." Jackson, 211 F.R.D. at 284 (quoting EMCASCO, 834 F.2d at 74)(internal quotations omitted).

Mr. Crim's submissions fail to show any such defense. Beyond his allegations regarding deficiencies in the prison mail procedures and legal reference material available in the federal prison where he is housed, Mr. Crim's filings do not seek to explain or describe any valid interest held by Allied Enterprises in the subject properties. Because Mr. Crim has failed to satisfy the threshold requirement for vacating default, that is, he failed to show any meritorious defense, his Motion to Vacate Default would be denied even if he were permitted to represent the interests of Allied Enterprises pro se.

Lack of Brief

Rule 7.1(c) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania requires that "[e]very motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a

concise statement of the legal contentions and authorities relied upon in support of the motion."

Any motion that comes before the court without a brief or memorandum of law in support of the motion may be dismissed out of hand for failure to comply with the Local Rules. SEC v. Going Platinum, Inc., 2004 U.S.Dist. LEXIS 20082, at *2 n.1 (E.D.Pa. September 24, 2004)(Gardner, J.). Furthermore, a litigants failure to cite to any applicable authority is enough to deny a motion as without merit. See Marcavage v. Board of Trustees, 2002 U.S.Dist. LEXIS 19397, at *10 n.8 (E.D.Pa. September 30, 2002)(Tucker, J.).

Mr. Crim did not file a brief or memorandum of law in support of his Motion to Vacate Default. Moreover, Mr. Crim's motion itself does not address the legal standard for setting aside a default.

Instead, Mr. Crim's Motion to Vacate Default lists a number of documents which he claims not to have received.[32] While Mr. Crim claims that he did not receive a copy of the proof of service of the Summons and Amended Complaint, he never asserts that he was not served with the Amended Complaint itself.[33]

---

[32] Motion to Vacate Default at pages 1-3.

[33] See id.

Moreover, the fact that Mr. Crim filed a response to the Amended Complaint on the same day as his Motion to Vacate Default suggests that he was served with the Amended Complaint as indicated by the Proof of Service.[34]

Finally, Mr. Crim avers that the his prison mail is being opened outside of his presence and that the prison library is inadequate to permit him to defend himself.[35]

Even construing Mr. Crim's pro se Motion to Vacate Default liberally, as I am required to do, see Rainey, 603 F.3d at 200, I find that the Motion to Vacate Default fails to cite any applicable law or to address the legal standard which he must satisfy in order to have the default set aside. For this reason, and for the other reasons discussed above, I deny Mr. Crim's Motion to Vacate Default.

## CONCLUSION

For the reasons articulated above, the Motion to Vacate Default filed by defendant John Michael Crim, Trustee of Allied Enterprises, is denied. First, the Motion to Vacate Default is denied because Mr. Crim cannot assert the interests of Allied Enterprises except through counsel.

Second, even if Mr. Crim were permitted to represent the interest of Allied Enterprises pro se, the Motion to Vacate

---

[34] Proof of Service.

[35] Motion to Vacate Default at pages 2-3.

Default would be denied because Mr. Crim failed to demonstrate a meritorious defense, the threshold requirement for setting aside a default.

Third, the Motion to Vacate Default would also be denied because Mr. Crim failed to submit a brief or provide any argument or legal authority explaining why the default should be set aside.